THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
American Equipment Leasing (a division of EAB Leasing, Corp.),       
Respondent,
 
 
 

v.

 
 
 
 Bruce Bartels,       
 Appellant.
 
 
 

Appeal From Florence County
B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-702
Submitted September 17, 2003  Filed 
 December 3, 2003

AFFIRMED

 
 
 
Marvin P. Jackson, of Florence, for Appellant.
Steven R. Anderson, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Bruce Bartels appeals the circuit 
 courts grant of summary judgment in favor of American Equipment.  We affirm [1] pursuant to Rule 220(b)(2), SCACR, 
 and the following authorities:  Rule 56(c), SCRCP; South Carolina Prop. & 
 Cas. Guar. Assoc. v. Yensen, 345 S.C. 512, 548 S.E.2d 880 (Ct. App. 2001) 
 (Summary judgment is proper when there is no genuine issue as to any material 
 fact and the moving party is entitled to a judgment as a matter of law.  To 
 determine whether any material facts exist, the evidence and all inferences 
 which can be reasonably drawn therefrom must be viewed in the light most favorable 
 to the nonmoving party.); WDW Prop. v. City of Sumter, 342 S.C. 6, 10, 
 535 S.E.2d 631, 632 (2000) (When an appeal involves stipulated or undisputed 
 facts, an appellate court is free to review whether the trial court properly 
 applied the law to those facts.); S.C. Code Ann. § 36-9-201(a) (2003) ([A] 
 security agreement is effective according to its terms between the parties, 
 against purchasers of the collateral and against creditors.); S.C. Code Ann. 
 § 36-9-320(a) (2003) ([A] buyer in the ordinary course of business . . . takes 
 free of a security interest created by the buyers seller, even if the security 
 interest is perfected and the buyer knows of its existence.); See Pengues 
 v. Warley, 14 S.C. 180 (1880) (A purchaser can take no greater right or 
 title than his seller may convey.); United States v. Anders Contracting Co., 
 Inc., 111 F. Supp. 700, 702 (1953) (Stating where a party only held possession 
 of a truck under the provisions of a contract with a right to obtain title upon 
 performance of the contract, title was retained by the seller.  Also stating 
 seller was protected by a contemporaneous lien and such rights as [the party] 
 acquired were qualified and limited by the terms of sellers contract executed 
 before any property or property rights vested in that party.)
AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.